(No. 1230—)

THE AMERICAN BRAKE SHOE AND FOUNDRY COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*

WHITMAN, MILLER & COON, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim filed to recover $2,159.58 on account of franchise tax collected in 1922. It appears that the proposition involved here was considered by the court in the opinion filed by this court on the 1st day of May, 1925, which opinion was reported in Volume 5, Court of Claims, page 131. It appears that a subsequent opinion of the Supreme Court of the State of Illinois, gave claimant a reasoning which would justify them in again appealing to this court for a further allowance.

Subsequently to the filing of the opinion in the above case, this court was impressed with a great volume of claims presented and to be presented on the principle involved in the case above reported, and as a matter of justice to the people of the State of Illinois, in view of the overwhelming demands that could be brought against the State of Illinois, this court wrote the opinion known and described as the *Moline Plow Co.* v. *State of Illinois,* reported in Volume 5 of the Court of Claims, pages 277 and 278, in which it was held that if claimants had an adequate remedy in a court of general jurisdiction, that this court would not consider such claims. This attitude was taken by this court as a matter of justice to the defendant the State of Illinois, and this court is further of the opinion that justice is done to the claimant to deny relief here wherein there was a right and opportunity of having cases of this character determined by the courts of general jurisdiction of the State. As a matter of fact this court is an advisory committee to the Legislature of the State of Illinois, and it is believed by this court that where matters can be litigated in the courts of general jurisdiction, that such a method ought to be followed rather than to bring before this court controverted matters that are in doubt. The courts of general jurisdiction should sift out the questions of law and create precedent by the judicial department of the State that would furnish light for this court and for the Legislature to follow. Can it be assumed that the Legislature of this State should be called upon to determine the legal rights of an individual or private corporation in any proposition wherein the judicial department of the State as created by the Constitution, should and would take jurisdiction.

Therefore it is considered by this court that said claim be disallowed.